PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF THOMAS LYNN | ) | |
| MORRIS, *etc.*, | ) | CASE NO.  4:13CV2134 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| MID-CENTURY INSURANCE | ) | |
| COMPANY, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 9] |

Pending is Plaintiff's Motion for Remand (ECF No. 9).  The Court has been advised, having reviewed the record, the parties' briefs and the applicable law.  For the reasons provided below, the motion to remand is granted.

## I.  Background

This case which results from the death of Thomas Lynn Morris has had  a two-year journey through federal and state courts.  What follows is a brief summary of that iteration.

On August 1, 2011, Plaintiff, the Estate of Morris, filed a Complaint (ECF No. 1-1) in the Trumbull County, Ohio Court of Common Pleas.  The Complaint names Mid-Century Insurance Company ("Mid-Century"), Salvatore Nuzzo ("Nuzzo"), and John Doe Defendants One (1) through One Hundred (100) as defendants and alleges breach of the duty of good faith and fair dealing in settling and defending claims against its insured and breach of contract.  *See* ECF No. 1-1.

(4:13CV2134)

Defendant Mid-Century is an insurance company incorporated under the laws of California, with a principal place of business in California, and is authorized to and does conduct business in Ohio.  ECF No. 1 at ¶ 14.  Nuzzo was the claims adjuster for Mid-Century in the matter regarding the decedent and an Ohio resident.  ECF No. 1-1 at ¶ 2.

Citing diversity jurisdiction, Mid-Century removed the case to this Court. *See Morris v. Mid-Century Ins. Co.*, No. 4:11CV1836, 2012 WL 1551269 (N.D. Ohio April 30, 2012) (Pearson, J.).  After appropriate briefing, the undersigned granted Defendant's motion to transfer the case to the United States District Court for the Southern District of Indiana, the venue of the fatal car accident.  *Id* (transferring the case and summarizing the history of the underlying auto-accident, insurance claim, and subsequent litigation).  While on the docket of the Indiana district court, Plaintiff sought remand to the Ohio state court where it originally filed the case.

The United States District Court for the Southern District of Indiana denied Plaintiff's motion to remand holding that Nuzzo had been fraudulently joined in an attempt to prevent removal.  *Morris v. Mid-Century Ins. Co.*, No. 1:12-cv-00578-SEB-DML, 2012 WL 3683540, at *8 (S.D. Ind. Aug. 24, 2012).  On appeal, the United States Court of Appeals for the Seventh Circuit reversed, holding that Nuzzo had not been fraudulently joined and the forum defendant rule prohibited removal.  *Morris v. Nuzzo*, 718 F.3d 660, 674 (7th Cir. 2013); *see* 28 U.S.C. § 1441(b) (2002) (forum defendant rule), *amended by* 28 U.S.C. § 1441(b)(2) (2011).  The court of appeals vacated the judgment of the Indiana district court and remanded with instructions that the case be remanded to the Trumbull County (Ohio) Common Pleas Court.  *Morris*, 718 F.3d 675.

2

(4:13CV2134)

Following remand to the court where the case first originated, the Trumbull County

Common Pleas Court granted Nuzzo's motion to dismiss the claims against him. ECF No. 1-2 at

PageID #: 126-27. The state court held the Plaintiff had failed to state a claim against Nuzzo

upon which relief could be granted. ECF No. 1-2 at PageID #: 127.

With Nuzzo dismissed from the lawsuit and no longer triggering the forum defendant

rule, Mid-Century filed its second Notice of Removal (ECF No. 1, citing again the diversity

jurisdiction conferred by 28 U.S.C. § 1332. *See* Defendant's Notice of Removal (ECF No. 1) at

¶ 15. This second removal resulted in the 2011 case formerly numbered 4:11cv1836 becoming

Case Number 4:13cv2134 on this Court's docket.

## II. Law

"If the case stated by the initial pleading is not removable, a notice of removal may be

filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of

an . . . order . . . from which it may first be ascertained that the case is one which is or has

become removable, except that a case may not be removed on the basis of jurisdiction conferred

by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. §

1446(b) (1996); *amended by* 28 U.S.C. § 1446(c)(1) (2011).

After Plaintiff filed the Complaint (ECF No. 1-1), the Federal Courts Jurisdiction and

Venue Clarification Act of 2011 revised the statute's one-year limitation on removal to include

an exception for bad faith. Pub. L. No. 112-63, § 103(b), 125 Stat. 758, 760 (2011).[1] The Act

---

[1] The revised statute provides: "A case may not be removed under subsection
(b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after

(continued...)

3

(4:13CV2134)

became effective thirty days after approval, that is on December 7, 2011.  The Act applied to any

action commenced in a United States district court on or after the effective date.  *Id.* at 764.  The

Act's bad faith exception, therefore, does not apply to this case, rather the Court relies on the

removal statute as it existed when the case was originally filed, *i.e.*, August 1, 2011.

Courts generally recognize that removal statutes are to be narrowly construed to limit

federal court jurisdiction to the precise limits Congress has defined.  *Ethington v. General Elec.*

*Co.*, 575 F.Supp.2d 855, 860 (N.D. Ohio 2008) (Polster, J.), citing *Long v. Bando Mfg. of Am.,*

*Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).  Furthermore, "because they implicate federalism

concerns, removal statutes are to be narrowly construed."  *Long*, 201 F.3d at 757, citing

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).  Narrowly construing

removal statutes results in all doubts being resolved in favor of remand.  *Ethington*, 575

F.Supp.2d at 860, citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006).

### III.  Discussion

At the threshold, the parties dispute whether the one-year limitation for removal based on

diversity jurisdiction applies.  Plaintiff argues that the one-year limitation applies because the

case was not removable as originally filed and the instant removal occurred over two years after

the filing of the initial pleading.  ECF No. 10 at PageID #: 233.  Narrowly construing 28 U.S.C. §

1446(b) and resolving all doubts in favor of remand lead to enforcement of the one-year

limitation.

---

[1](...continued)
commencement of the action, unless the district court finds that the plaintiff has acted in
bad faith in order to prevent a defendant from removing the action."

(4:13CV2134)

A.    **Removal is barred by 28 U.S.C. § 1446(b).**

 The forum defendant rule prevents removal of a civil action premised on diversity jurisdiction if one of the parties "properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).  The Seventh Circuit Court of Appeals held that Nuzzo's presence prevented removal under the forum defendant rule. *Morris*, 718 F.3d 674.  In its second notice of removal, Mid-Century acknowledges that 1441(b) barred removal due to Nuzzo's  joinder in the case as originally filed.  ECF No. 1 at ¶ 10.  Therefore, the Court finds the case was not removable as originally filed.  Next, the Court undertakes an analysis of whether the second notice of removal was timely.

Mid-Century filed the second notice of removal within thirty days of when the case became removable, that is within thirty days of the date when the Trumbull County Common Pleas Court dismissed the claims against Nuzzo.   At that time, the forum defendant rule no longer prevented removal and diversity of citizenship existed.  There is complete diversity at the time of removal when, "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation," *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999), and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332.  Plaintiff's claim exceeds one million dollars.  ECF No. 1-1 at ¶ 24.  Therefore, because the amount in controversy exceeds $75,000 and Defendant is a citizen of a different state than Plaintiff, diversity jurisdiction permitted removal *subject to* the one-year statutory limitations of 28 U.S.C. § 1446(b).

(4:13CV2134)

As discussed above, the statute governing the procedure for removal of civil actions provides that, "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."  28 U.S.C. § 1446(b).  The one-year limitation on removal of diversity cases applies only to those that were not initially removable.  *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534-35 (6th Cir. 1999) (upholding removal eighteen months after the initial pleading because the case was removable at commencement of the action).   In cases <u>not</u> initially removable, "[a] premature removal may lead to a perfectly justified remand; but when matters change—for example, by dismissal of a party whose presence spoiled complete diversity of citizenship, or by a disclosure that the stakes exceed the jurisdictional amount—the case may be removed, provided only that it is less than one year old." *Hughes v. UPS Supply Chain Solutions, Inc.*, No. 3:09CV-576-S, 2010 WL 1257724, at *2 (W.D. Ky. March 26, 2010) (quoting *Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 782-83 (7th Cir. 1999)).   In *Hughes,* the case was remanded to state court after defendant's first removal because the defendant failed to establish the amount in controversy. 2010 WL 1257724, at *3.   The defendant established the amount in controversy twenty-two months after commencement of the action and filed a second notice of removal.  *Id*.  The district court remanded the case a second time holding the second removal was well beyond the one-year deadline and, ". . . removal under § 1446(b) was untimely."  *Id*.

As in *Hughes*, the one-year limitation bars Mid-Century's second notice of removal.  The instant case was not originally removable and became removable over two years after the filing of the initial pleading when the forum defendant, Nuzzo, was dismissed from the case by the

(4:13CV2134)

Trumbull County Common Pleas Court. Because removal statutes are to be narrowly construed, the Court concludes that the one-year limitation on removals based on diversity jurisdiction bars Mid-Century's second removal which was effected more than one year after commencement of the action.

      **B.     A common law exception to the one-year limitation on removal based on diversity jurisdiction for bad faith conduct does not exist.**

Having conceded that the statute effective when the instant case was first filed had no bad faith exception to the one-year limitation, Mid-Century, now argues that (1) a common law exception to the one-year limitation exists and (2) Plaintiff breached it. Mid-Century argues that Nuzzo was fraudulently joined and his fraudulent joinder is an example of "bad faith" which creates a common law exception to the one-year limitation on removal. ECF No. 11 at PageID #: 243.

At the threshold, Mid-Century does not provide on point legal authority to support a common law bad faith exception to the one-year rule. Despite claiming in its brief that "bad faith was already an exception at common law well supported by precedent," neither the facts nor case law cited by Mid-Century support its propositions. ECF No. 11 at PageID #: 243; citing *Coyne*, 183 F.3d at 493.

*Coyne* is distinguishable from the case before the Court. In *Coyne*, the Sixth Circuit Court of Appeals does not use the phrase "bad faith" and the notice for removal at issue was filed within 30 days of the initial pleading. *Id.* at 491. Unlike the timely motions filed by the defendants in *Coyne*, the notice of removal at issue in the case at bar was filed over two years after commencement of the action. To further distinguish the cases, in *Coyne*, the plaintiffs

7

(4:13CV2134)

joined non-diverse defendants to bar removal; in the instant action, the forum defendant rule

barred removal at the outset.  Given the lack of precedent cited in Defendant's briefs, the Court

does not find that a common law exception exists; the Court also finds no reason to create one.

　　　　　Hoping to end this costly game of legal ping pong by remanding this case for a final time,

or simply assuming *arguendo* there was a common law exception to the one year provision, Mid-

Century has failed to show that Nuzzo was fraudulently joined.  "The removing party bears the

burden of demonstrating fraudulent joinder." *Alexander v. Electronic Data Systems Corp.*, 13

F.3d 940, 949 (6th Cir. 1994).  The removing party must show there is no "colorable basis for

predicting that a plaintiff may recover against non-diverse defendants" under state law.  *Coyne*,

183 F.3d at 493. When deciding on fraudulent joinder allegations, the Sixth Circuit applies "a

test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to

dismiss." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012).  In *Casias*, the

district court and appellate court agreed a defendant was fraudulently joined because the record

was void of any evidence that would support a cause of action against a non-diverse defendant

joined to the suit.  *Casias*, 695 F.3d at 433.

　　　　　The record in this case includes evidence supporting, at least initially, a cause of action

against Nuzzo.[2]  The record contains a declaration from Nuzzo used by Mid-Century to support

dismissal of the action from the Los Angeles, California Superior Court based on *forum non*

*conveniens*.  ECF No. 11-2 at PageID #: 258.  Nuzzo's Declaration states, "All decisions and

_____

　　　　[2]  This finding is in no way intended to second guess the state court's
determination that Plaintiff failed to state a claim against Nuzzo.

8

(4:13CV2134)

determinations I made in the adjustment of the Estate of Morris Claim were made in Burg Hill,

Ohio."  ECF No. 1-2 at PageID #: 120.  In addition to Nuzzo's Declaration, the record contains

an appellate decision regarding Nuzzo's fraudulent joinder.  The Seventh Circuit Court of

Appeals held, "there was more than a reasonable possibility that the Ohio state court would have

decided against Nuzzo."  *Morris*, 718 F.3d at 674.  Finally, there is "a gray area in Ohio law

surrounding the liability of an agent of a disclosed insurer."  *Kent State Univ. Bd. of Trs. v.*

*Lexington Ins. Co.*, No. 5:10CV2714, 2011 WL 1578505, at *2 (N.D. Ohio 2011) (Adams, J.);

*aff'd*, 512 F. App'x 485 (6th Cir. 2013).  Due to the ambiguity in Ohio law, Plaintiff sought leave

from the state court to appeal the order dismissing Nuzzo.  ECF No. 12-2.  All told, the record in

this case undercuts Mid-Century's theory that Nuzzo was fraudulently joined

### IV.  Conclusion

Accordingly, the Court grants Plaintiff's Motion for Remand (ECF No. 9).  The suit was

originally commenced on August 1, 2011 and was removed for the second time, by the same

Defendant, over two years later, on September 26, 2013.  Thus, the second removal was well

beyond the one-year limitation and untimely under § 1446(b).  The case is remanded to the state

court from which it was removed.


IT IS SO ORDERED.


 June 19, 2014                           */s/ Benita Y. Pearson*
Date                                      Benita Y. Pearson
                                          United States District Judge

9